# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| RANDAL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-03222-CV-S-GAF |
| | ) |
| ROYAL OAK ENTERPRISES, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Presently before the Court is Defendant Royal Oak Enterprises, Inc.'s ("Defendant") Motion for Judgment on the Pleadings filed pursuant to Fed. R. Civ. P. 12(c). (Doc. #36). Defendant argues Plaintiff Randal Johnson ("Plaintiff") has failed to assert claims upon which relief may be granted. *Id.* Plaintiff opposes. (Doc. #39). For the reasons set forth below, Defendant's Motion is **DENIED**, and Plaintiff's request to file a Second Amended Complaint for the purpose of tailoring his claims for relief to those forms of relief statutorily available is **GRANTED**.

## DISCUSSION

**I.    FACTS**[1]

Plaintiff is a Missouri resident. Defendant is a Delaware corporation and was authorized and doing business in Missouri, at all relevant times.

---

[1] Unless otherwise noted, all facts are taken from Plaintiff's First Amended Complaint ("Complaint"). (Doc. #32).

1

Plaintiff began employment with Defendant around February 28, 1988. He worked as a production worker at the plant for ten (10) years before becoming a maintenance worker at the plant for an additional ten (10) years. Defendant terminated Plaintiff's employ on February 12, 2008.

In September of 2001, Plaintiff first discussed issues of pain in his right arm with his supervisors. Within a few months, Plaintiff claims his left arm began to hurt as well, and he also began having stomach/acid reflux problems and numbness in his arms. On July 31, 2003, Plaintiff sought medical attention from Dr. Crown, who proscribed medicine for Plaintiff's reflux problem. On December 9, 2004, his family doctor, Dr. Roush, diagnosed Plaintiff with Thoracic Outlet Syndrome, which he told Plaintiff was work related.

In January of 2005, Plaintiff advised Defendant that he would like to file a Workers' Compensation action as a result of the pain in his arms. Subsequently, Defendant's physician examined Plaintiff. Defendant's physician did not agree with Dr. Roush's diagnosis. On March 15, 2005, Defendant informed Plaintiff that Workers' Compensation would not cover him and that Plaintiff would have to either use sick days or take FMLA leave to get treatment. However, Plaintiff claims, later that day, Defendant informed him Workers' Compensation would cover the condition.

Thereafter, Plaintiff sought treatment with several doctors and a physical therapist through Defendant's Workers' Compensation carrier. On July 11, 2005, a doctor placed Plaintiff on work restrictions to not raise his arms above his head or extend them. On November 29, 2005, Plaintiff underwent surgery for this condition.

Plaintiff claims he requested an accommodation from his supervisors on February 2, 2006, that he be allowed to become a fork truck driver. His supervisors agreed to accommodate him by instead allowing him to stay in the maintenance department in a supervisory capacity overseeing

2

workers fixing machines. However, Plaintiff claims that no actual change in his job duties occurred, and he continued to do the same work he had previously done. Plaintiff further states he made accommodations himself, such as using stools and step-ladders, to complete tasks that would otherwise require work overhead.

At some point in time, Plaintiff claims Defendant offered him $7,000.00 to resolve his Workers' Compensation claim. Plaintiff hired a lawyer to help him with the Workers' Compensation claim. Plaintiff's lawyer advised Plaintiff to settle the claim.[2]

In February 2008, Defendant instructed employees that sick days would no longer be provided. On February 12, 2008, Plaintiff was terminated. Plaintiff claims his supervisors told him he was being terminated "because Plaintiff indicated a need to use his sick days and Defendants refused to provide his workers' compensation benefits of either medical care or temporary total disability and time off, and because Plaintiff had not taken the workers' compensation settlement offer."

As a result of the above occurrences, Plaintiff filed an administrative complaint ("EEOC Charge") (Doc. #37-1) with the Equal Employment Opportunity Commission (the "EEOC"). In his EEOC Charge, Plaintiff indicated that he had (1) been discriminated against because of a disability; and (2) been fired as retaliation for his filing a claim for Workers' Compensation. (Doc. #37-1). Additionally, Plaintiff set forth many of the same facts as described above in the EEOC Charge. On January 8, 2009, the EEOC issued Plaintiff a Notice of Right to Sue. On April 6, 2009, Plaintiff filed

---

[2]It appears Plaintiff did, in fact, settle the Workers' Compensation claim for a lump sum payment of $28,507.80. (Doc. #37-2). An administrative law judge approved the settlement on June 17, 2008. *Id.* However, Plaintiff never states in his Complaint he agreed to such a settlement. Rather, Plaintiff alleges that one of the reasons he was told he was eventually terminated was "because Plaintiff had not taken the workers' compensation settlement offer."

3

this action in the Circuit Court of Howell County, Missouri. (Doc. #1). The case was then removed to this Court on June 29, 2009. *Id.*

In his Complaint, Plaintiff alleges causes of action under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (the "ADA"), for wrongful discharge, discrimination against an employee regarded as disable, discrimination for failure to accommodate, and discrimination against an employee with a record of disability. Plaintiff also alleges a cause of action under Mo. Rev. Stat. § 287.780 for discrimination against him for filing a workers' compensation claim.

## II. LEGAL STANDARDS

Fed. R. Civ. P. 12(c) governs motions for judgment on the pleadings. A motion for judgment on the pleadings is treated the same as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Ashley County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Under Rule 12(b)(6), a court may dismiss a cause of action for failure to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion to dismiss, a court treats all well-pleaded facts as true and grants the non-moving party all reasonable inferences from the facts. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). However, courts are "not bound to accept as true a legal conclusion couched as a factual allegation" and such "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted). A Rule 12(b)(6) motion should be granted only if the plaintiff fails to plead facts sufficient to state a claim "that is plausible on its face" and would entitle the plaintiff to the relief requested. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (retiring the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Wisdom v. First Midwest Bank of Poplar Bluff*, 167 F.3d 402, 406 (8th Cir. 1999).

## III. ANALYSIS

A.  **CLAIMS UNDER THE ADA**

   i.  **Exhaustion of Administrative Remedies**

Exhaustion of available administrative remedies is a prerequisite for file a lawsuit under the ADA. *See McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739, 740 n.3 (8th Cir. 1996). Defendant argues Plaintiff failed to properly exhaust administrative remedies before filing the present action. The evidence demonstrates, however, exhaustion has occurred.

The ADA requires an employee alleging violations to file a charge with the appropriate administrative agency, here the EEOC, and bars suit until the employee has received a right to sue letter. *See Id.* Here, Plaintiff did properly file his EEOC Charge with the EEOC and received a Notice of Right to Sue prior to filing the present action. While Plaintiff states his claims under the ADA more fully in his Complaint than he did in his EEOC Charge, all of the claims asserted in Plaintiff's Complaint arise from and directly relate to the claims made in the EEOC Charge. *See Nichols v. Am. Nat'l Ins. Co.*, 154 F.3d 875, 887 (8th Cir.1998) (stating a plaintiff "may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge"). Thus, Plaintiff's ADA claims may not be dismissed for failure to exhaust administrative remedies.

   ii.  **Timeliness of Plaintiff's Complaint**

Under 42 U.S.C §§ 2000e-5(f)(1) & 12117(a), an employee must file a civil action within ninety (90) days of receiving a Notice of Right to Sue. Defendant argues Plaintiff failed to assert some causes of action within this ninety (90) day period. The record, however, indicates Plaintiff received his Notice of Right to Sue on January 8, 2009, and he filed the present action on April 6, 2009, which was within the ninety (90) day filing period. That Plaintiff did not assert all claims currently before the Court until he filed his amended Complaint on February 2, 2010, does not affect

the timeliness of the newly added claims since Fed. R. Civ. P. 15(c)(1)(B) allows the amended claim, which arose from "the conduct, transaction, or occurrences set out – or attempted to be set out – in the original pleading," to relate back to the date of Plaintiff's original filing. Therefore, all of Plaintiff's ADA claims were timely filed.

      **iii.**      **Plaintiff's Requested Relief Under Claim II**

In Plaintiff's Claim II, Plaintiff requests compensatory and punitive damages as relief for alleged wrongful, retaliatory discharge under the ADA. However, a careful reading of the relevant statutory language demonstrates Plaintiff may not recover such legal damages under the ADA. *See Brown v. City of Lee's Summit*, Case No. 98-0423-CV-W-FJG, 1999 WL 827768, *2-4 (W.D. Mo June 1, 1999). Instead, the ADA allows for equitable relief for wrongful retaliatory discharge, including but not limited to the following: (1) an injunction; and (2) reinstatement with or without back pay. *Id.* Plaintiff requests an opportunity to amend his Complaint to comport with statutorily available remedies. (Doc. #39, p. 15). Allowing Plaintiff to amend is more preferable than complete dismissal of Plaintiff's claim. *See Floyd v. Trice*, 490 F.2d 1154, 1158 (8th Cir. 1974) (stating "even if a complaint asks for relief beyond that ordinarily permissible, the appropriate action is to tailor the relief rather than to dismiss the complaint for failure to state a claim"). Here, Plaintiff has otherwise stated a cognizable claim for a violation of the ADA due to a retaliatory discharge. Therefore, Plaintiff shall be allowed to amend his Complaint to comport with statutorily available remedies. Accordingly, Defendant's Motion to Dismiss Claim II in its entirety is **DENIED**.[3]

**B.**      **CLAIMS UNDER MO. REV. STAT. § 287.780**

---

[3]The remainder of Defendant's arguments in support of its Motion relating to dismissal of Plaintiff's ADA claims have been carefully considered and rejected.

Defendant also argues that many of the specific claims for relief, such as declaratory and injunctive relief, equitable relief, liquidated damages, and attorneys' fees, are not allowed under Mo. Rev. Stat. § 287.780. In light of Defendant's assertions, Plaintiff has requested leave from the Court to amend his Complaint to comport with the available remedies under § 287.780. (Doc. #39, p. 15). As stated above, the allowance of amendment is more preferable than complete dismissal of Plaintiff's claim. *See Floyd*, 490 F.2d at 1158. Here, Plaintiff has otherwise stated a cognizable claim under § 287.780, and shall be allowed an opportunity to amend his Complaint to comport to statutorily available remedies. Accordingly, Defendant's Motion to Dismiss Plaintiff's improperly pled specific claims for relief is **DENIED**.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. Plaintiff's request to amend his Complaint to allow for more appropriate claims for relief to be pled is **GRANTED**. Plaintiff shall have up to and including ten (10) days from the date of this Order to file his Second Amended Complaint.

**IT IS SO ORDERED.**

s/ Gary A. Fenner
Gary A. Fenner, Judge
United States District Court

DATED: April 21, 2010